UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Richard Wagner**, | ) |
| Plaintiff, | ) Case 2:24-cv-1045 |
| v. | ) |
| **ST POWELL, LLC, an Ohio limited liability company** | ) |
| And | ) |
| **Coniglio Family Trust** | |
| And | |
| **Doaba Enterprises, LLC, an Ohio limited liability company** | |
| Defendant. | |

NOW COMES Richard Wagner, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendants, St Powell, LLC, an Ohio limited liability company and Coniglio Family Trust and Doaba Enterprises, LLC, an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Richard Wagner, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Southern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Richard Wagner, is a Delaware County, Ohio resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant, St Powell, LLC and Coniglio Family Trust, upon information and belief, own the real estate located at 218-258 W. Olentangy St., Powell, OH 43065 in Delaware County, Ohio, which is a Shopping Center called Village Point Center. Plaintiff has patronized Defendants' property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant **Doaba Enterprises, LLC** operates the business located at 230 W. Olentangy St., Powell, OH 43065 in Delaware County, Ohio, known as "Doaba Indian Restaurant."

7. Upon information and belief, the shopping center and many retail tenant spaces therein owned and operated by the Defendants was originally built by the Defendants or it predecessor commencing in 1997 and granted permits for occupancy in 1998 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. It has undergone many series of alterations in subsequent years. Full compliance with the implementing regulations of the ADA is required for this shopping center unless it would be structurally impracticable in which case compliance is required to the extent that it is not structurally impracticable.

8. The shopping center, the retail tenant spaces and the restaurant owned or operated by the Defendants are non-compliant with the remedial provisions of the ADA. As Defendants either owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA. Defendant's shopping center and restaurant are a place of public accommodation. Defendant's properties fails to comply with the ADA and its regulations, as also described further herein.

9. Mr. Wagner is a paraplegic and permanently uses a wheelchair for mobility. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

10. Mr. Wagner is a current Powell, Ohio resident in Delaware County. As such, he frequents the shopping centers, restaurants, and other establishments of the Delaware county area, including the Defendant's properties that forms the subject of this complaint.

11. From October 2023, throughout January 2024 and continuing still today, Mr. Wagner takes

his elderly father, who has Parkinsons Disease, to his weekly Chiropractic office visits at 246 W. Olentangy St., Powell, OH 43065 in Delaware County, Ohio which is located in this same shopping center, Village Point Plaza, owned by Defendants, St Powell, LLC and Coniglio Family Trust.

12. On February 1, 2024, Plaintiff patronized **Defendant Doaba Enterprises LLC** place of business as a restaurant customer. He plans to return to the restaurant to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendant's place of public accommodation.

13. On January 19, 2023, and on prior occasions, Plaintiff patronized the Defendant St Powell, LLC and Coniglio Family Trust's property to renew his driver's license at local DMV office which is located within the Village Point Plaza at 256 W Olentangy St. Powell, OH 43065. On a subsequent event, Plaintiff transported his father, who has Parkinsons Disease, to this the DMV. He plans to return to the property to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access the property have endangered his safety and protected access to Defendant's place of public accommodation.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in

violation of the ADA by the Defendant. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the plaza without fear of discrimination.

15. The Defendants, St Powell, LLC and Coniglio Family Trust and Doaba Enterprises LLC have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq*.

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

17. A preliminary inspection of the shopping center and restaurant owned or operated by Defendants has shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Route**

A. In the parking lot, there is not the required number of mobility accessible parking spaces, in violation of the ADA section 208 of the 2010 Standards and 1991 ADAAG section 4.1.2, whose remedy is strictly required or at minimum is readily achievable.

B. Ground surfaces located on the accessible route have cracks in excess of ½ inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.4, whose remedy is strictly required or at minimum is readily achievable.

C. In the parking lot, signs identifying a "van accessible" parking space, are missing the required signage identifying them as a 'van accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or at minimum is readily achievable.

D. In the parking lot, the access aisles do not adjoin an accessible route, in violation of the ADA section 502.3. of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or at minimum is readily achievable.

E. In the parking lot, the access aisles do not extend the full length of the designated accessible parking space, because there is a curb ramp which has been built within it, in violation of the ADA section 502.3.2 and 406.5 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

F. In the parking lot, the curb ramp and flared sides are improperly located in the accessible parking access aisle, in violation of the ADA section 406.5 of the 2010 Standards and 1991 ADAAG section 4.6.6, whose remedy is strictly required or at minimum is readily achievable.

G. On the sides of curb ramps, Curb Ramp Flares are steeper than 1:10 (5.71%), in violation of the ADA section 406.3 of the 2010 Standards and 1991 ADAAG section 4.8.2, whose remedy is strictly required or at minimum is readily achievable.

H. The flared sides of the curb ramp, where pedestrians must walk across the ramp and where it is not protected by handrails or guardrails, the side flares are steeper than 1:10 (5.71%), in violation of the ADA section 406.3 of the 2010 Standards and 1991 ADAAG section 4.7.5, whose remedy is strictly required or at minimum is readily achievable.

I. It the parking lot, the curb ramps are missing the required detectable warning, in violation

      of the ADA section 406.8 of the 2010 Standards, whose remedy is strictly required or at minimum is readily achievable.

J.     The ramp on the accessible route to the public transportation stop to the accessible building or facility entrances they serve exceeds 1:12 (8.33%), in violation of the ADA and section 206.2 of the 2010 Standards and 1991 ADAAG section 4.3.2, whose remedy is strictly required or at minimum is readily achievable.

**Doaba Restaurant**

K.     At the Men's restroom entry, the sign providing information is located out of compliance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or at minimum is readily achievable.

L.     In the Men's public restroom, the rear and side grab bars at the water closet are missing, in violation of the ADA section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or at minimum is readily achievable.

M.     In the Men's restroom, the water closet door is non-compliant because it is not a self-closing door, in violation of Sections 604.8.1.2 of the 2010 Standards, whose remedy is strictly required or at minimum is strictly required or at minimum is readily achievable.

N.     In the Men's restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or at minimum is readily achievable.

O.     In the Men's restroom, the height of the mirror is out of compliance as it is greater than 40" above the finished floor maximum to the reflective surface, in violation of the ADA Section 603.3 of the 2010 Standards and 1991 ADAAG Section 4.19.6, whose remedy is strictly required or at minimum is strictly required or at minimum is readily achievable.

P.  In the Men's restroom, the hand soap is too high and out of the maximum height reach range, in violation of the ADA and section 308 of the 2010 Standards, whose is strictly required or at minimum is readily achievable.

Q.  Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA, whose remedy is strictly required or at minimum is readily achievable. A further survey of the site is requested.

**Other Tenant Spaces**

R.  This is a large shopping plaza with many restaurant and retail tenant spaces and is only a short distance from Plaintiff's residence.   The plaintiff believes the property's other tenant spaces and their common areas have obstacles and barriers to handicap access which require immediate remedial measures and which he is likely to encounter in his many visits to this property and an invitee, guest and bona fide customer.

**Policies and Procedures**

S.  The Defendants lacks or have inadequate defined policies and procedures for the assistance of disabled patrons, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

T.  The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Richard Wagner.

18. The discriminatory violations described in Paragraph 17 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public accommodation. Plaintiff requires further inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all

of the barriers to access. The Plaintiff has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The Village Point Plaza and tenant Doaba Indian Restaruant at issue, as owned or operated by Defendants St Powell, LLC and Coniglio Family Trust and Doaba Enterprises LLC constitute a place of public accommodation and service establishment, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities, including those specifically set forth herein, and make the shopping plaza accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

23. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this shopping plaza unless it would be structurally impracticable or at minimum to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25. The Defendants operates and owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

26. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations. The defendants acts are willful, severe and ongoing. WHEREAS, the Defendant has failed to provide accessible public accommodations and accessible routes for Mr. Wagner and other patrons throughout its shopping plaza, in spite of a duty to do so. Defendant has not created complaint designated accessible parking spaces for use by customers with disabilities. He

is effectively excluded from being a patron at this shopping center due to this ongoing discrimination.

27. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to insure justice, and attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to come into full compliance with the implementing regulations of the ADA as is required for this property unless it would be structurally impracticable or at minimum to make such readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>Counsel for Plaintiff:</u>

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., C-1
Toledo, OH 43617

(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net