UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICHARD WAGNER,**

    **Plaintiff,**

v.

**ST POWELL, LLC,** *et al.***,**

    **Defendants.**

Case No. 2:24-cv-1045
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on Plaintiff Richard Wagner's Motion for Default Judgment Against Defendant Doaba Enterprises, LLC. (ECF No. 18.) For the reasons stated in this Opinion and Order, the Court **GRANTS** Plaintiff's Motion for Default Judgment and orders appropriate damages and injunctive relief.

## BACKGROUND

Plaintiff Richard Wagner, an Ohio resident, is a paraplegic and uses a wheelchair for mobility. (ECF No. 1, ¶ 9.) Mr. Wagner alleges Defendants own and operate businesses at which he has encountered barriers to his full and equal enjoyment of those businesses, in violation of the Americans with Disability Act ("ADA") and Ohio law. (*See* ECF No. 1.)

Defendants St Powell, LLC and Coniglio Family Trust own a shopping center in Powell, Ohio called Village Point Center. (*Id.* ¶ 5.) Defendant Doaba Enterprises, LLC operates a restaurant located in the shopping center called Doaba Indian Restaurant. (*Id.* ¶ 6.) Village Point Center and many of the retail tenant spaces that occupy it were originally built by Defendants or their predecessors in 1997 and were granted occupancy permits in 1998. (*Id.* ¶ 7.)

Mr. Wagner has visited Village Point Center several times, including to take his father to

chiropractic appointments in October 2023, January 2024, and after. (*Id.* ¶¶ 11–13.) He also visited the shopping center in January 2023, and on prior occasions, to renew his driver's license at the Ohio BMV office. (*Id.* ¶ 13.) Mr. Wagner also visited the center on February 1, 2024, to dine at Doaba Indian Restaurant. (*Id.* ¶ 12.) He states he plans to return to the shopping center for various reasons. (*Id.* ¶¶ 12–14.)

Mr. Wagner alleges that he encountered various architectural barriers when visiting businesses at Village Point Center. (*Id.* ¶¶ 5, 12–13, 15.) He also alleges several ADA violations relating to the parking lot and the Doaba restaurant. (*Id.* ¶ 17.) Alleged parking lot violations include the number of accessible parking spots, cracks in ground surfaces, signage violations, and ramp violations. (*Id.* PageID 5–7.) Alleged violations in the Doaba Indian Restaurant include signage issues, missing grab bars, exposed water and drainpipes, and height violations regarding bathroom mirrors and hand soap. (*Id.* PageID 7–8.)

Mr. Wagner brought claims against Defendants for violations of the ADA and disability discrimination under Ohio Revised Code § 4112.01, *et seq.* (*Id.* ¶¶ 19–27.) Defendants St Powell, LLC and Coniglio Family Trust waived service in March and April 2024 and filed an answer. (ECF Nos. 3, 4, 6.) Defendant Doaba Enterprises LLC was served in March 2024 but never filed an answer. (ECF No. 5.) Mr. Wagner applied to the Clerk of Courts for an entry of default against Doaba Enterprises on June 24, 2024 (ECF No. 9), and the Clerk entered default on June 26, 2024 (ECF No. 10).

Defendants St Powell, LLC and Coniglio Family Trust, together with Mr. Wagner, jointly stipulated to the dismissal of Mr. Wagner's claims against those Defendants. (ECF No. 13.) The Court interpreted the parties' stipulation as a motion to sever under Federal Rule of Civil Procedure 21, and the Court granted the motion and dismissed Mr. Wagner's claims against St Powell and

the Coniglio Family Trust. (ECF No. 14.)

Mr. Wagner moved for default judgment against Doaba Enterprises. (ECF No. 18.) He argues Doaba Enterprises is liable under the ADA and Ohio law for various code violations at the Doaba Indian Restaurant, which it operates. (*Id.* PageID 59–61.) Mr. Wagner asks the Court to award him $25,000 in damages, $9,817.50 in attorney's fees, and $440.57 in litigation costs. (*Id.* PageID 72.) He asks for an injunction against Doaba Enterprises to remedy the alleged violations and to close the restaurant pending those fixes. (*Id.* PageID 73.)

Attached to the Motion for Default Judgment is a Declaration of Mr. Wagner (ECF No. 18-2), a July 9, 2024 inspection report regarding Doaba Indian Restaurant prepared by Mr. Wagner based on a February 1, 2024 inspection (ECF No. 18-3), a resume of Mr. Wagner's counsel (ECF No. 18-4), and Mr. Wagner's counsel's billing ledger in this matter (ECF No. 18-5).

**LEGAL STANDARD**

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Fed. R. Civ. P. 55. The first step is to obtain an entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Fed. R. Civ. P. 55(a). Upon the clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *Hoover v. 4 Seasons Motors Inc.*, No. 2:21-cv-4177, 2022 WL 2870175, at *2 (S.D. Ohio July 21, 2022) (quoting *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (Newman, J.)).

If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P.

3

55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *2 (S.D. Ohio Jan. 24, 2018) (cleaned up) (quoting *Parker-Billingsley*, 2015 WL 4539843, at *1). A court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Parker-Billingsley*, 2015 WL 4539843, at *1 (citation omitted).

The district court decides, in its discretion, whether to enter default judgment. The Sixth Circuit has identified several factors for courts to consider when deciding whether to enter default judgment, including: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002); *AmaTech Grp. Ltd. v. Fed. Card Servs., LLC*, No. 1:21-cv-406, 2024 WL 4866420, at *3 (S.D. Ohio Nov. 22, 2024) (Hopkins, J.) (reciting the *Russell* factors).

## ANALYSIS

The Court first addresses whether to enter default judgment based on Doaba Enterprises's liability for the claims asserted in the Complaint before turning to Mr. Wagner's damages, attorney's fees, and costs. Mr. Wagner's claims against Doaba Enterprises concern only the conditions of Doaba Indian Restaurant, so the Court confines its analysis to those alleged violations.

I. **Default Judgment Factors**

The default judgment factors weigh in favor of entering default judgment. Plaintiff would

4

face prejudice from delay because he has encountered barriers and plans to visit the establishment again. The claims are meritorious, as explained more below, and are supported by a detailed inspection report. The allegations in the Complaint are sufficient to state a claim. The requested damages are relatively modest. Facts might have been disputed if Doaba Enterprises had participated in the case, but Mr. Wagner's inspection report provides a strong baseline to determine whether the restaurant is violating code regulations. There is no excusable neglect evident from the record. Despite the Court's preference for decisions on the merits, these factors support entering default judgment.

## II. Claims Against Doaba Enterprises

### A. Violations of the ADA

Mr. Wagner claims Doaba Enterprises fails to comply with Title III of the ADA, 42 U.S.C. § 12182, *et seq.* (ECF No. 1, ¶ 21.) Title III prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Under Title III, discrimination includes:

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities, and transportation barriers in existing vehicles and rail passenger cars used by an establishment for transporting individuals (not including barriers that can only be removed through the retrofitting of vehicles or rail passenger cars by the installation of a hydraulic or other lift), where such removal is readily achievable; and
>
> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.

42 U.S.C. § 12182(b)(2)(A)(iv)–(v).

5

Accepting the facts in the Complaint as true, Doaba Indian Restaurant is a place of public accommodation as a public restaurant, and Doaba Enterprises operates it. Mr. Wagner's inspection report identifies at least seven violations of federal accessibility regulations enacted to enforce the ADA, including the absence of grab bars in the restroom, doors that are not self-closing, exposed water and drainpipes, and other issues. (*See* ECF No. 18-3.) Mr. Wagner has encountered these barriers and plans to return to the restaurant, so he has demonstrated the requisite threat of future injury necessary to establish standing. *See Neal v. Morales Real Est. Invs., Ltd.*, No. 2:18-cv-632, 2020 WL 3433149, at *2–3 (S.D. Ohio June 23, 2020) (Morrison, J.) (explaining standing requirements for ADA physical barrier claims).

The Court has authority to issue injunctive relief to remedy violations of the ADA, and such relief "shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter." 42 U.S.C. § 12188(a)(2). The Court finds that the removal and remediation of the barriers identified in the inspection report are readily achievable and will order Doaba Enterprises to remedy the identified violations. *See* 42 U.S.C. § 12181(9) (defining "readily achievable" to mean "easily accomplishable and able to be carried out without much difficulty or expense"). Mr. Wagner's request to order Doaba Indian Restaurant closed until the code violations are remedied is unnecessary.

Mr. Wagner is entitled to default judgment on his Title III ADA claim, and the Court orders injunctive relief as stated in the Conclusion.

### B. Violations of Ohio Law

Mr. Wagner claims Doaba Enterprises discriminated against him in violation of Ohio Revised Code § 4112.01(G), which makes it an unlawful discriminatory practice:

> [f]or any proprietor or any employee, keeper, or manager of a place of public accommodation to deny to any person, except for reasons applicable alike to all persons regardless of race, color, religion, sex, military status, national origin, disability, age, or ancestry, the full enjoyment of the accommodations, advantages, facilities, or privileges of the place of public accommodation.

Ohio Rev. Code § 4112.02(G). "Because disability discrimination under Ohio law is treated similarly to discrimination under the ADA, '[the Court] may review [the plaintiff's] state and federal claims solely under the ADA analysis.'" *Rosebrough v. Buckeye Valley High Sch.*, 582 F. App'x 647, 650 (6th Cir. 2014) (quoting *Rosebrough v. Buckeye Valley High Sch.*, 690 F.3d 427, 431 (6th Cir. 2012)).

Accordingly, based on the above ADA analysis, Mr. Wagner has demonstrated that Doaba Enterprises discriminated against him on the basis of disability in violation of Ohio law by failing to provide him equal access to its facilities. Under Ohio law, Mr. Wagner may recover civil damages and injunctive relief. *See* Ohio Rev. Code § 4112.99(A).

### III. Damages

Mr. Wagner asks for $25,000 in compensatory damages for Doaba Enterprises's violation of Ohio's anti-discrimination laws. (ECF No. 18, PageID 62, 72.) In his Declaration, Mr. Wagner states that he has been denied equal access to Doaba Indian Restaurant and "suffered monetary losses, mental anguish, as well as injury to my dignity and humiliation for inability to use the restroom facilities." (ECF No. 18-2, ¶ 7.) The Court finds an evidentiary hearing is unnecessary to determine the appropriate compensatory damages because the Declaration is sufficient to explain the injury suffered by Mr. Wagner due to the discriminatory conduct. Additional testimony and evidence would not provide new insight into the injuries and the appropriate remedy.

The Court finds that $10,000 in compensatory damages will remedy Mr. Wagner's injuries as described in the Complaint and Declaration. The violations identified in the record are

7

significant, but Mr. Wagner has not demonstrated that the harm he suffered was so serious to require the requested $25,000 in damages. An award of $10,000 appropriately compensates Mr. Wagner for the harm suffered without being so low as to trivialize a place of public accommodation's obligation to comply with federal and state disability discrimination laws.

### IV. Attorney's Fees and Costs

In an ADA case, a district court "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee, including litigation expenses, and costs." 42 U.S.C. § 12205. To determine attorney's fees in an ADA case, the Court starts with the baseline "lodestar" amount, which is calculated as the number of hours reasonably expended in the litigation by the prevailing attorneys, multiplied by a reasonable hourly rate, which is derived from "prevailing market rates" in the community. *Betancourt v. Indian Hills Plaza LLC*, 87 F.4th 828, 831 (6th Cir. 2023). The Court may adjust the fees award based on a set of relevant factors, including the novelty and difficulty of the questions, the required skill, and the results obtained, among other factors. *See Yerkes v. Ohio State Highway Patrol*, No. 2:19-cv-2047, 2024 WL 4929293, at *12 (S.D. Ohio Dec. 2, 2024) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 429–30 n.3 (1983)).

Mr. Wagner requests attorney's fees for 28.05 hours of work at a rate of $350 per hour, totaling $9,817.50. (ECF No. 18, PageID 67, 72.) He supports his request with a line-item ledger of his counsel's hours billed, including descriptions of the work completed for each billing entry, and his counsel's resume. (ECF No. 18-4; ECF No. 18-5.) Mr. Wagner's counsel's hours are reasonably expended based on the needs of the case, and they are properly tracked and described in the billing log. Counsel is experienced in this area of law, obtained positive results for the client, and his hourly rate of $350 is commensurate with an appropriate rate in the central Ohio legal community for plaintiff's-side civil rights litigation. *See Yerkes*, 2024 WL 4929293, at *13–14.

8

The Court awards attorney's fees in the requested total amount of $9,817.50.

The Federal Rules of Civil Procedure authorize litigation cost awards to prevailing parties. Fed. R. Civ. P. 54(d)(1). Mr. Wagner's requested litigation costs of $440.57 are itemized and include the filing fee, copying costs, and postage. (ECF No. 18-5, PageID 115.) These costs are reasonable and authorized under federal law. *See* 28 U.S.C. § 1920 (permitting cost awards for court fees and printing expenses). The Court awards $440.57 in costs.

## CONCLUSION

For the reasons stated in this Opinion and Order, the Court **GRANTS** Plaintiff Richard Wagner's Motion for Default Judgment Against Doaba Enterprises, LLC (ECF No. 18). The Court **PERMANENTLY ENJOINS** Defendant Doaba Enterprises, LLC and **ORDERS** it to remedy the barriers and code violations at Doaba Indian Restaurant in Powell, Ohio as identified in Plaintiff's inspection report (ECF No. 18-3). The Court **AWARDS** Plaintiff $10,000 in damages, $9,817.50 in attorney's fees, and $440.57 in costs.

The Clerk is **DIRECTED** to enter judgment and close this case on the Court's docket.

**IT IS SO ORDERED.**

**9/23/2025**                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                          **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**